# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1527V
(not to be published)

| | |
|---|---|
| DEANA KNOWLES,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Administrative Time; Excessive Billing |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.

*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 3, 2018, Deana Knowles filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on September 19, 2017. (Petition at 1). On January 15, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 36).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 27, 2020, (ECF No. 41), requesting a total award of $26,946.04 (representing $25,872.10 in fees and $1,073.94 in costs). In accordance with General Order No. 9, Petitioner has offered a signed statement indicating that she incurred no out-March 27, 2020, indicating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, and deferring to my discretion in determining the amount to be awarded. (ECF No. 42). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT IN PART, Petitioner's motion awarding final attorney's fees and costs in the amount of **$24,358.83**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton,* 3 F.3d. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

**ATTORNEY FEES**

    A.  Hourly Rates

I have reviewed the rates requested by Petitioner for the work of the various attorneys and legal staff who worked on this case. The billing invoices indicate that most of the time billed was performed by William Cochran, with additional time billed by Michael McLaren plus some law clerks and paralegals at Black McLaren. (ECF No. 55-2 at 52). All rates requested for time billed to the matter in 2018 and 2019 are consistent with what has been allowed for Mr. Cochran in prior cases, and is therefore awarded here as well. In addition, for time billed in 2020, Mr. Cochran is requesting an increased rate of $405.00 per hour. Based on my experience and applying the rate schedules utilized at OSM, I find the requested rate increase is reasonable and award it herein.

Petitioner also requests rates ranging from $145.00 per hour to $156.00 per hour for work performed by paralegals and law clerks. (*Id.*) The rates requested for all parties are consistent with what has been previously awarded for their work in the Vaccine Program for time billed through 2020.

    B.  Duplicative Billing and Billing for Administrative Tasks

Although the rates requested herein are subject to no change (or even increases in some cases), the *time* billed to this case is another matter.

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have specifically noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. The attorneys at Black McLaren have in particular had their requests for attorney's fees reduced for excessive and duplicate billing. *See,* e.g., *Wagner v. Sec'y of Health & Human Servs.,* No. 17-0407V, 2019WL4303281 (Fed. Cl. Spec. Mstr. June 28, 2019); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019).

3

In reviewing the invoices submitted, I found several instances in which multiple attorneys and staff members reviewed the same documents and filings. Examples of these include:

- January 2, 2018 MGM (0.10 hrs) "Go over scheduling order and discuss same in office"; May 14, 2019 SRW (0.10 hrs) "Receipt/Review and note scheduling order entered yesterday"; May 15, 2019 WEC (0.10 hrs) "Review and note new scheduling order";

- March 29, 2019 (0.10 hrs) SRW "Receive/review and note scheduling order"; April 1, 2020 (0.10 hrs) WEC "Review and note new scheduling order"; and

- August 29, 2019 WEC (0.10 hrs) "Review and note new court order"; September 3, 2019 SNP (0.10 hrs) "Receive, review and note scheduling order."

(ECF No. 41-2 at 13 - 15).[3] Accordingly, such duplicative and unnecessary billing provides grounds for adjusting downward the fees to be awarded.

It also appears that a number of entries in the billing records reflect work performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Examples of these include:

- February 19, 2018 (0.30 hrs) "Open and set up file; update client spreadsheet";

- April 10, 2018 (0.20 hrs) 'Receipt of invoice from Brenden Rillahan PT; work on scanning and saving; review invoice charges per New York statute; copy of invoice to Sherry Fearon for payment";

---
[3] These are merely examples and not an exhaustive list.

- May 2, 2018 (0.20hrs) "Receipt/review and save to file records from Rite Aid; update provider chart; research for state of Massachusetts; copy of invoice to Sherry Fearon for payment for review"; and

- August 13, 2018 (0.30 hrs) "Receipt/review and note records from Adirondack Radiology; Save to file; Update PC."

(ECF No. 41-2 at 1, 2 and 6).

Based upon the above, and in accordance with my authority to make across-the-board fees reductions where appropriate, I reduce the requested amount of attorney's fees to be awarded in the amount of ten percent, for a total reduction of **$2,587.21**.

## ATTORNEY COSTS

Petitioner requests $1,073.94 in overall costs. (ECF No. 41-2 at 20). This amount is comprised of obtaining medical records, travel costs and the Court's filing fee. I have reviewed all the requested costs and find them to be reasonable and I award the requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$24,358.83** (representing $23,284.89 in fees and $1,073.94 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.